```
                                                    FILED      RECEIVED
                                                    ENTERED    SERVED ON
                                                    COUNSEL/PARTIES OF RECORD
JEANNE WINKLER, ESQ.
Nevada Bar No. 7215                                 2004 FEB 18  P 3: 14
JEANNE L. WINKLER, CHTD.
500 S. Rancho Dr., Ste. A-2                         CLERK US DISTRICT COURT
Las Vegas, Nevada 89106                             DISTRICT OF NEVADA
(702) 380-3245 Telephone
(702) 380-3249 Facsimile
Attorney for Plaintiff                                               DEPUTY
```

IN THE UNITED STATES DISTRICT COURT
DISTRIC[T]

CV-S-04-0183-RLH-PAL

KAREN J. MICHEL (BROWN), an )
individual, )
 )
              Plaintiff, )
 )        **COMPLAINT FOR DAMAGES UNDER**
    vs. )        **TITLE VII OF THE CIVIL RIGHTS ACT**
 )        **OF 1964; RETALIATION UNDER TITLE**
 )        **VII OF THE CIVIL RIGHTS ACT OF**
JOHN E. POTTER, POSTMASTER )        **1964; INTENTIONAL**
GENERAL, UNITED STATES POSTAL )        **INFLICTION OF EMOTIONAL**
SERVICE, )        **DISTRESS, CONSPIRACY,**
 )        **and NEGLIGENCE**
 )
 )        **[FRCP 8(a) and 18(a); 42 U.S.C.A. §2000e-**
              Defendants. )        **5]**
 )        **JURY TRIAL DEMANDED**

COMES NOW Plaintiff KAREN J. MICHEL (k/n/a BROWN), (hereinafter "Plaintiff"), by and through her undersigned attorney and hereby complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and resolve this complaint by virtue of Section 706(f)(3) of Title VII (42 U.S.C. 2000e-5(f)(3); 28 U.S.C. §1331 and 1343(a)(4).

2. Venue is proper in the Southern District of this Court as Plaintiff was working in this state and district at the time of the illegal treatment and all incidents alleged herein occurred within the State of Nevada.

## ADMINISTRATIVE PROCEDURE

3. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII (42 U.S.C. §2000e-5), in particular:

   a) Plaintiff filed a timely written charge of sexual harassment and retaliation with the United States Equal Employment Opportunity Commission

(EEOC), see Exhibit 1;

b) Plaintiff timely requested a hearing by an Administrative Judge with the hearing being held on November 6 and 7, 2001;

c) That a decision was issued on September 29, 2003, which was adopted, on or about November 17, 2003, by Maria T. Robinson, Manager, EEO Compliance and Appeals for the Pacific Area of the United States Postal Service. See Exhibit "2";

d) That Plaintiff received a "Notice of Right to Sue" from the EEOC, attached hereto as Exhibit "2";

e) The complaint in this matter was filed with this Court within 90 days from the receipt of the "Notice of Right to Sue."

4. At all times relevant herein, Defendant was an "employer" as defined by Section 701(b) of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. §2000e(b)) and thus is covered by and subject to Title VII.

## FACTUAL ALLEGATIONS

5. Plaintiff hereby incorporates paragraphs 1-4 by this reference as though fully set forth below.

6. Plaintiff is female and resides in Clark County, Nevada.

7. Defendant JOHN E. POTTER, POSTMASTER GENERAL, is the representative of the United States Postal Service ("Postal Service") and at all times herein, was doing business in Las Vegas, County of Clark, Nevada.

8. That at all times relevant herein, Plaintiff was employed as a Letter Carrier at the Garside Station of the Las Vegas Post Office.

9. That at all times relevant herein, and from approximately 1994 to 1997, Plaintiff performed her regular carrier duties as well as CFS (Computer Forwarding System) duties, which required 1-2 hours per day, 3 to 4 times per week, most of which was on overtime.

10. That said duties required Plaintiff to interact with other carriers including Richard

- 2 -

Marcus ("Marcus") who was also the chief union steward for the station.

11. During the period of late 1995 through February 1997, while on the premises of the Postal Service and during working hours, MARCUS subjected Plaintiff to numerous unwelcome and unsolicited actions, including, but not necessarily limited to, the following:

   (a) Unwelcome comments such as "rub up against me" and "bend over";

   (b) Grabbing Plaintiff by the waist and pulling her down onto his lap;

   (c) Making lewd and sexually oriented remarks;

   (d) Unwelcome comments such as "when your divorce is final, I hope you'll let me make love to you" and "you know you want it, you are divorced now";

   (e) All of the above were done in a sexually provocative manner and over the objection of Plaintiff. This treatment of Plaintiff was because of her sex in violation of Title VII.

   f) Plaintiff repeatedly advised MARCUS that said advances and actions were unwelcome and inappropriate and reported the same to the Postal Service management.

12. That after continued sexual harassment, Plaintiff once again reported Marcus' behavior to management on April 9, 1997, after which an investigation was opened shortly thereafter.

13. That between April 18 and May 15, 1997, witnesses to the incidents were interviewed and a written report of the investigation was rendered to the station manager who was allowed to handle the matter in-house.

14. That as a result of the investigation, Marcus was charged with improper conduct and given a seven day suspension on June 3, 1997, to begin on July 12th. However, on June 19th, at Step-2 of the grievance process, the station manager agreed to remove the suspension and reduce it to a three-month letter of warning.

15. That after the investigation began, Marcus was heard to say "How dare she [Brown] file this report against me, by the time I get through with her, everybody is going to

1 | think she's a nut case."

2 | 16. That after the investigation began, Marcus told several of Plaintiff's co-workers that if they helped her or corroborated her story, that he would not help them (as the union steward).

17. That after Plaintiff reported the harassment to her supervisor for the second time and an investigation was opened, Plaintiff was treated differently by co-workers and supervisors than she had been prior to the complaint, including but not limited to the following:

(a) Other co-workers would not talk to her;

(b) She was watched every minuted by supervisors and chastised for actions that other carriers were allowed to engage in, in the same time period;

(c) That Marcus and other union stewards under his direction were allowed to conduct their own investigation;

(d) That after she complained of the sexual harassment, Plaintiff was removed from the CFS duties on July 9, 1997, allegedly because she had to be on the overtime desired list to do CFS duties; however, she had never been required on the overtime desired list prior to her complaint and she was not allowed to sign up for the overtime list because it went into effect on July 1st;

(e) and other adverse actions.

### FIRST CAUSE OF ACTION
### (SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)

18. Plaintiff hereby incorporates paragraphs 1-17 by this reference as though fully set forth below.

19. The treatment Plaintiff received from MARCUS was sexually provocative and because of her sex in violation of Title VII.

20. The acts of MARCUS interfered with Plaintiff's work and caused her to suffer lack of self-esteem, physical and emotional distress.

21. The acts of MARCUS created a hostile work environment characterized by sexual

- 4 -

1  harassment.

22. The treatment of Plaintiff by MARCUS was intentional.

23. Defendant Postal Service is responsible and liable as an employer for the actions of MARCUS toward the Plaintiff for the following reason:

   a) The supervisors of MARCUS were aware of or should have been aware of MARCUS' conduct toward Plaintiff and after Plaintiff made them aware of it. With this knowledge, they failed to take prompt and effective remedial action to prohibit the misconduct of MARCUS. By this failure, Defendant POSTAL SERVICE accepted and ratified the actions of MARCUS towards Plaintiff.

24. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

25. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in a sum according to proof.

26. Additionally, Defendant's conduct has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages according to proof.

### SECOND CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF TITLE VII)

27. Plaintiff hereby incorporates paragraphs 1-26 by this reference as though fully set forth below.

28. Plaintiff made a good faith objection on more than one occasion to MARCUS's behavior which she believed was prohibited by Title VII.

29. Plaintiff, as a result of the continuing sexual harassment by MARCUS, filed a complaint with Defendant Postal Service's management.

30. Defendant was made aware of Plaintiff's opposition to MARCUS's actions on more than one occasion.

31. The adverse treatment Plaintiff received during the time period beginning April 1997 and continuing until approximately May 1998 was because Plaintiff filed a complaint of sexual harassment against MARCUS. This treatment of Plaintiff was discrimination as to a condition or privilege of employment because of her sex in

1  violation of Title VII.

2  32. Plaintiff is further informed, believes and thereon alleges that Defendant informed her supervisors and other supervisory personnel that she filed a complaint against MARCUS and that was proceeding with the same.

33. Plaintiff is further informed, believes and thereon alleges that this adversely impacted her ability to continue her CFS duties and adversely affected her relationships with co-employees and with management, thus causing an adverse work environment.

34. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in a sum according to proof.

36. Additionally, Defendant's conduct has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages according to proof.

WHEREFORE, Plaintiff respectfully prays this Court to:

1. Issue a declaratory judgment that Defendant's acts, practices and procedures, complained of herein violated Plaintiff's rights as secured under Title VII;

2. Grant Plaintiff back pay, reimbursement for lost benefits, and other appropriate relief to redress the discriminatory practices complained of herein;

3. General damages in a sum according to proof as to each and every claim alleged herein;

4. Exemplary and/or punitive damages according to proof as to each and every claim warranting punitive damages;

5. Damages to Plaintiff's reputation according to proof at the time of trial;

6. For reimbursement of medical expenses incurred by the need for therapy, counseling and/or psychiatric treatment;

7. For pain, suffering and humiliation suffered by Plaintiff in a sum according to proof;

8. For costs and expenses of this action and an award of reasonable attorneys fees as

1. provided in Section 706(k) of Title VII (42 U.S.C.A. §2000e-5(k));

9. Prejudgment interest pursuant to law;

10. To retain jurisdiction over this action to assure full compliance with the orders of this Court and applicable law; and

11. For such other equitable and legal relief this Court deems just and proper.

DATED this 17th day of February, 2004.

                                                       JEANNE L. WINKLER, CHTD.

                                                       JEANNE WINKLER, ESQ.
                                                       Nevada Bar #7215
                                                       500 S. Rancho Dr., Ste. A-2
                                                       Las Vegas, Nevada 89106
                                                       Attorney for Plaintiff

**EXHIBIT 1**

# Informal Complaint of Discrimination

Case No. **4E-890-0060-97**

## NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO report is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The report must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

## Complainant

| Field | Value |
|---|---|
| Name (Last, First, MI) | Michel, Karen J. |
| Social Security No. | 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 |
| Veteran's Preference | ☐ Yes  X No |
| Home Telephone No. | (702) 648-8534 |
| Office Telephone No. | (702) 220-8560 |
| Home Address | 1528 Watercreek Dr., No. Las Vegas, NV 89030-3119 |
| Facility Name and Address | Las Vegas Post Office, 1001 E. Sunset Rd., Las Vegas, NV 89199-9998 |
| Position Title | Letter Carrier |
| Grade Level | PS-05 |
| Finance No. | 31-4880 |
| Pay Location | 048 |
| BA Code | 4E |
| Duty Hours | 0700 - 1550 |
| Days Off | Rotating |
| Tour | 2 |
| MSC No. | |
| EEO Poster on Display | X Yes  ☐ No |

## Chronology of EEO Counseling

| Field | Value |
|---|---|
| Date of Incident | 4/9/97 - 6/12/97 |
| Date of Initial Contact With EEO Office | 6/11/97 - 6/24/97 |
| Date Received 2564-A | 6/26/97 & 7/21/97 |
| Date ADR Election Form Signed | |
| Date 60-Day Extension Form Signed | |
| Date Counselee Received/Signed Notice of Right to File | 7/30/97 |
| Date Counselor's Report Requested | |
| Date Counselor's Report Submitted | 8/8/97 |

## Basis for Alleged Discrimination

Check and Particularize Each that Applies

- [X] 1. Race (Specify): CAUCASIAN
- [ ] 2. Color (Specify):
- [ ] 3. Religion (Specify):
- [X] 4. Sex (Specify): Female
- [ ] 5. National Origin (Specify):
- [ ] 6. Age (Specify Date of Birth):
- [ ] 7. Physical Handicap (Specify):
- [ ] 8. Mental Handicap (Specify):
- [X] 9. Retaliation (Specify Cited Prior EEO Activity): 4E-890-0050-97

Allegations(s) of Discrimination:

**Counselee alleged discrimination when (1) she allegedly was continuously questioned and followed around on assigned duties, 4/9/97 & continuing; (2) she was not provided appropriate forms or referred for medical treatment for work-related injury, 5/28/97; (3) her CFS duties were assigned to another employee on, 6/7/97; and she was denied official EEO time on 6/12/97.**

## EEO Counselor's Checklist

Counselor Complete All Items Below That Apply and Initial Next to the Numbered Item

_/initials/_ 1. Counselor informed aggrieved of the impartial role of the counselor in the EEO complaint process. Counselor also explained the EEO process to aggrieved and provided aggrieved with a booklet containing an overview of the EEO process in the Postal Service. *(Note: Counselor must obtain signed receipt if booklet is personally delivered. Booklets sent by mail must be sent certified, return receipt requested.)*

_/initials/_ 2. Counselor notified aggrieved of his/her right to be accompanied, represented and advised by a representative of his/her choice at any stage in the complaint process. Aggrieved HAS __X__/HAS NOT _____ designated a representative.

| Name: | Kim Shugars |
|---|---|
| Position/Title: | |
| Address: | P O Box 28555 |
| | Las Vegas, NV 89126-2555 |
| Phone No.: | (702) 220-8560 |

_/initials/_ 3. Counselor advised aggrieved of his/her right to remain anonymous during precomplaint counseling and he/she DID __X__/DID NOT _____ waive anonymity.

_N/A_ 4. If a mixed case, counselor informed aggrieved of the mixed case election procedures in 29 C.F.R. §1614.302(b). As of _____ (date) aggrieved HAS _____/HAS NOT _____ filed an appeal on the same matter to the MSPB.

_/initials/_ 5. Counselor explained the privacy act notice and provided a copy to aggrieved for signature prior to interview.

_N/A_ 6. If age discrimination is alleged, counselor informed aggrieved of the alternate procedures available for pursuing age claims, as outlined in 29 C.F.R. §1614.201.

_N/A_ 7. If discrimination based on handicap is alleged, counselor informed aggrieved of his/her requirement to submit handicap documentaion. Documentation HAS _____/HAS NOT _____ been submitted.

_/initials/_ 8. Counselor ascertained that aggrieved HAS _____/HAS NOT __X__ filed a grievance on this issue. If grievance has been filed, counselor informed aggrieved of the Postal Service's option to defer processing the formal complaint, as outlined in 29 C.F.R. §1614.301(c).

_N/A_ 9. If aggrieved person wishes to file a class complaint, counselor explained the class complaint procedures and the responsibilities of a class agent as outlined in 29 C.F.R. §1614.204.

_/initials/_ 10. Counselor informed aggrieved person of his/her requirement to immediately notify the EEO office if his/her mailing address changes.

## Remedy Requested

Describe the Requested Remedy

1. Determination of discrimination
2. Compensatory damages and legal fees
3. Return to CFS duties with time worked by replacement paid at overtime rate
4. Payment at overtime rate for time spent processing complaints off the clock
5. Issuance of proper paperwork and support of claimed condition for job-related injury
6. Any other lost benefits and conditions of employment

## Counselor's Inquiry

Counselor Give Brief Summary of Inquiry *(If applicable)*

See cover letter to Notice of Right to File.

## Alternate Dispute Resolution Process *(Counselor complete if applicable)*

| Type of ADR Process Utilized | Date(s) of ADR Session |
|---|---|
|  |  |

Disposition *(Initial appropriate item and describe as necessary)*

_____ Not Resolved

_____ Partially Resolved *(List issue(s) resolved during ADR and attach a copy of the settlement agreement.)*

## Summary of Final Information Given to Aggrieved by Counselor

**Provided Notice of Right to File.**

## Privacy Act Statement

The collection of this information is authorized by Public Law 92 261, Equal Employment Act of 1972; 29 U.S.C., section 621 et. seq.; and 701 et. seq.; and Executive Order 11478, as amended. This information will be used to adjudicate complaints of alleged discrimination and to evaluate the effectiveness of the EEO program. As a routine use, this information may be disclosed to an appropriate government agency, domestic or foreign, for law enforcement purposes; where pertinent, in a legal proceeding to which the USPS is a party or has an interest; to a government agency in order to obtain information relevant to a USPS decision concerning employment, security clearances, contracts, licenses, grants, permits or other benefits; to a government agency upon its request when relevant to its decision concerning employment, security clearances, security or suitability investigations, contracts, licenses, grants or other benefits; to a congressional office at your request; to an expert, consultant, or other person under contract with the USPS to fulfill an agency function; to the Federal Records Center for storage; to the Office of Management and Budget for review of private relief legislation; to an independent certified public accountant during an official audit of USPS finances; to an investigator, administrative judge or complaints examiner appointed by the Equal Employment Opportunity Commission for investigation of a formal EEO complaint under 29 CFR 1614; to the Merit Systems Protection Board or Office of Special Counsel for proceedings or investigations involving personnel pratices and other matters within their jurisdiction; and to a labor organization as required by the National Labor Relations Act. Provision of the information requested is mandatory for the complainant, and for Postal Service and other federal employee witnesses. Failure of the complainant to provide requested information could result in the complaint being dismissed. Failure of Postal Service and other Federal employees to provide requested information could result in disciplinary action. Provision of the information requested by other persons is voluntary and failure to provide such information will result in no adverse effect.

| EEO Counselor's Signature | Typed Name of EEO Counselor | Counselor's ID No. |
|---|---|---|
| *[signature]* | BJ Clay | 5114 |

Counselor's Office Address *(No., Street, City, State, and ZIP + 4)*

P O Box 46350
Las Vegas, NV 89114-6350

| Office Telephone No. *(PEN 2000)* | Office Telephone No. *(Commercial)* |
|---|---|
|  | (702) 735-1058 |


**UNITED STATES**
**POSTAL SERVICE**

June 19, 1997

Karen J. Michel
1528 Watercreek Dr.                                Case No. 4E-890-0050-97
No. Las Vegas, NV  89030-3119                      Filed on June 12, 1997

Dear Ms. Michel:

The purpose of this notice is to acknowledge **receipt** of your discrimination complaint and to provide you with written notification of your rights as well as the time requirements for exercising these rights. This acknowledgment of receipt does not imply acceptance of the complaint.

* **If** your complaint **is accepted**, it will be investigated, and you will receive a copy of the report.

* **If your complaint or any allegation therein is rejected, it is considered to be a final U.S. Postal Service decision on the complaint or that portion of the complaint which is rejected. The final decision will contain your investigative rights of appeal.**

* If the complaint is settled, the terms will be reduced to writing, and you will be provided a copy. If the complaint is not settled, you will be notified of your right to a hearing by an Equal Employment Opportunity Commission (EEOC) Administrative Judge, or you may have a decision on the record, without a hearing.

BJ Clay
EEO Counselor/Investigator
Las Vegas District
P.O. Box 46350
Las Vegas, NV  89114-6350

Attachment


**UNITED STATES POSTAL SERVICE**

August 8, 1997

Karen J. Michel
1528 Watercreek Drive
Las Vegas, NV 89103-6201

Case No. 4E-890-0060-97
Filed on August 1, 1997

Dear Ms. Michel:

The purpose of this notice is to acknowledge <u>receipt</u> of your discrimination complaint and to provide you with written notification of your rights as well as the time requirements for exercising these rights. This acknowledgment of receipt does not imply acceptance of the complaint.

- <u>If</u> your complaint <u>is accepted</u>, it will be investigated, and you will receive a copy of the report.

- <u>If your complaint or any allegation therein is rejected, it is considered to be a final U.S. Postal Service decision on the complaint or that portion of the complaint which is rejected. The final decision will contain your investigative rights of appeal.</u>

- If the complaint is settled, the terms will be reduced to writing, and you will be provided a copy. If the complaint is not settled, you will be notified of your right to a hearing by an Equal Employment Opportunity Commission (EEOC) Administrative Judge, or you may have a decision on the record, without a hearing.

B.J. Clay
EEO Counselor/Investigator
Las Vegas District
P.O. Box 46350
Las Vegas, NV 89114-6350

**EXHIBIT 2**

## UNITED STATES POSTAL SERVICE

## EQUAL EMPLOYMENT OPPORTUNITY CASE

## IN THE MATTER OF:

| | |
|---|---|
| Karen J. Michel (Brown) <br> C/o Jeanne Winkler <br> Carmine J. Colucci & Assoc. <br> 629 South Sixth Street <br> Las Vegas, NV 89101 <br><br> Complainant, <br><br> v. <br><br> John E. Potter, <br> Postmaster General, <br> United States Postal Service <br> Respondent | Agency Case No.: 4E-890-0050-97 <br><br> EEOC No.: 340-1998-03342X <br><br> Filed On: June 12, 1997 <br><br> Certified No. 7003 0500 0000 9306 5567 <br> Return Receipt Requested |

## NOTICE OF FINAL ACTION

This is the Postal Service's Notice of Final Action, in accordance with Title 29, Code of Federal Regulations, Part 1614.110(a), on complaint of discrimination, EEO No.4E-890-0050-97; EEOC No.340-1998-03342X. Complainant alleged discrimination on the bases/basis of race (Caucasian), sex (Female) and retaliation (Prior EEO Activity), when 1) From April 10, 1997 and continuing, she was allegedly sexually harassed by three coworkers, and management did not take appropriate action; 2) She was allegedly questioned and followed around by floor supervisors when performing her duties; 3) On May 28, 1997, she was allegedly threatened with discipline for hugging other employees; 4) On the same day she was not provided appropriate forms or referred for medical treatment for an on-the-job injury; 5) One of her alleged harassers, Richard Marcus, was allegedly allowed to conduct his own investigation; 6) On June 1, 1997, she was not allowed to return to work after her release from her personal physician; 7) On June 7, 1997, she was removed from performing CFS duties; and 8) On June 12, 1997, she was allegedly denied official time.

Notice of Final Action
Karen J. Michel (Brown)
EEO No.: 4E-890-0050-97
EEOC No.: 340-1998-03342X
Page 2

The complaint was processed in accordance with Equal Employment Opportunity Commission (EEOC) regulations 29 C.F.R. § 1614. Complainant timely requested a hearing by an Administrative Judge assigned by the EEOC. Pursuant to the Complainant's request, the complaint was forwarded to the Los Angeles District Equal Employment Opportunity Commission and assigned to Administrative Judge Pamela Sellers. The hearing was held on November 6 and 7, 2001 and on September 29, 2003 the Judge issued a decision, which was received by this office on October 10, 2003. Administrative Judge Pamela Sellers concluded that the Complainant was not subjected to sexual harassment and was not retaliated against with respect to any of the allegations. Judge Sellers concluded that Complainant failed to meet her burden of establishing a *prima facie* case of discrimination and/or retaliation. The Judge found that the Agency did take prompt and immediate action once the matter was brought to the attention of management. I have reviewed the entire record, including the investigative file, hearing transcript and exhibits and I have decided to adopt the decision of the Administrative Judge finding no race (Caucasian), sex (Female) and retaliation (Prior EEO Activity) discrimination.

## APPEAL RIGHTS

You have the right to appeal the Postal Service's final action, in writing, to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036-9848, within thirty (30) calendar days of the date of your receipt of the Postal Service's final action. You must submit any statement or brief in support of that appeal within thirty (30) calendar days of the date of your appeal. You must use EEOC Form 573, a copy of which is enclosed, in connection with your appeal.

You may also deliver your appeal in person or by facsimile provided that briefs filed by facsimile are ten or fewer pages in length. You must provide the Postal Service with a copy of your appeal and any supporting statement or brief to the following address:

> **Maria T. Robinson**
> **Manager, EEO Compliance & Appeals**
> **Pacific Area**
> **P. O. Box 130059**
> **Daly City, CA 94013 – 0059**

Failure to file within the 30-day time period could result in the EEOC's dismissal of the appeal unless you explain, in writing, the extenuating circumstances which prevented you

Notice of Final Action
Karen J. Michel (Brown)
EEO No.: 4E-890-0050-97
EEOC No.: 340-1998-03342X
Page 3

from filing within the prescribed time limit. In this event, extension of the time limit and acceptance of the appeal will be discretionary with the EEOC.

You have the right to file a civil action in an appropriate U.S. District Court within ninety (90) calendar days of the date of your receipt of the Postal Service's final action, within ninety (90) calendar days of the date of the EEOC's final decision on any appeal, or after 180 days from the date of filing of an appeal with the EEOC if no final decision has been rendered. Should you choose to file a civil action, your filing should be styled **Karen J. Michel (Brown) v. John E. Potter, Postmaster General**. If you do not have or cannot afford an attorney, you may request that the court appoint an attorney to represent you and that the court permit you to file the civil action without the payment of fees, costs, or other security. Whether these requests are granted or denied is within the sole discretion of the District Judge. These requests must also be filed within the ninety-day time period for filing the civil action.

| | |
|---|---|
| November 17, 2003 | *Maria T. Robinson* (signature) |
| Date | Maria T. Robinson |
| | Manager, EEO Compliance and Appeals |
| | Pacific Area |

Enclosure (EEOC Form 573)

cc: Pamela Sellers            (w/o enclosure)
    Administrative Judge
    Los Angeles District EEOC Office
    255 E. Temple Street, 4th Floor
    Los Angeles, CA  90012

    Karen J. Michel (Brown)   (w/o enclosure)
    P. O. Box 26393
    Las Vegas, NV  89126

    Douglas Alderman          (w/enclosure)
    Manager, Labor Relations
    USPS - Nevada-Sierra District
    1001 E. Sunset
    Las Vegas, NV  89199-9421

Notice of Final Action
Karen J. Michel (Brown)
EEO No.: 4E-890-0050-97
EEOC No.: 340-1998-03342X
Page 4


        Labor Relations      (w/o enclosure)
        USPS
        2000 Vassar Street
        Reno, NV  89510-9994